BARRETT, *Appellant*, v. JOHANNES.

Estoppel: MORTGAGE. A promise by a mortgagee made to a purchaser from the mortgageor to release his mortgage, with leave to the purchaser to make improvements, on the faith of which improvements have been made, do not operate an estoppel against the mortgagee, so as to prevent him from asserting a title derived through another and different mortgage.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*W. P. Johnson* for appellant.

*C. C. Bassett* for respondent.

HENRY, J.—This was an action of ejectment for the recovery of a small parcel of land, about an acre, lying in Bates county. The defense relied upon was that plaintiff, who held a mortgage on a larger tract which embraced this lot, had promised defendants, after the latter had purchased the lot of the mortgageor, that he would release it from the mortgage, and directed them to proceed with the erection of a dwelling house which they were building on the lot. There was a prior mortgage upon the same property

made by Hardesty, plaintiff's mortgageor, and also defendant's grantor. Defendants alleged in the answer that when plaintiff took his mortgage he assumed the debt to the county secured by the prior mortgage. The property was sold in May, 1873, under plaintiff's mortgage, and was purchased by John Montgomery, who afterwards conveyed to plaintiff. Subsequently, it was sold under the prior mortgage to the county, and A. Henry purchased and conveyed it to plaintiff, and in this connection it is alleged in the answer that there was fraud and collusion between Henry and plaintiff to evade the agreement between plaintiff and Johannes, and that Henry purchased for plaintiff. After defendants purchased the lot in question of Hardesty, ascertaining the existence of the mortgages, one of defendants, accompanied by Hardesty, went to Sedalia where plaintiff resided, to see him, and get him to release the lot from his mortgage. He testified that plaintiff agreed to do so, and told him to proceed with his building. Plaintiff, in his testimony, as in his answer, denied it.

Admitting, however, that Hardesty corroborated Johannes, and taking it as proved that plaintiff agreed to release the lot from his mortgage, and told Johannes to proceed with his building, and that he is thereby estopped from setting up his mortgage against defendants; yet the lot was sold under the prior mortgage and purchased by Henry, who conveyed it to plaintiff. It is not pretended that plaintiff agreed to release the lot from the mortgage to the county. He had no·control of or interest in it. There is no evidence to support the allegation that he assumed the debt secured by it, or that there was any fraud or collusion between Henry and plaintiff in regard to the sale and purchase of the property under that mortgage. Johannes, nor any witness, testified that anything ever passed between Johannes and plaintiff in regard to the county's mortgage. Conceding, but not deciding, (for it is unnecessary to pass upon that question in our view of the

case,) that the evidence clearly established the fact that plaintiff did agree to release the lot from his mortgage, and told defendants to proceed with the erection of their dwelling, these facts can have no greater effect in favor of defendants than if the release had been actually executed. That would not have prevented plaintiff from becoming a *bona fide* purchaser of the property under the mortgage to the county. The only evidence of collusion between Henry and plaintiff, is the fact that on the same day. Henry purchased he conveyed to plaintiff by quit claim deed, but the positive testimony of Henry was, that he did not buy the land at plaintiff's request, or to further plaintiff's views or interest in any way, but for his own purposes. The judgment, which was for defendants, must be reversed and the cause remanded. All concur